UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH AMES, : | |
|     Plaintiff, : | Civil No. 3:13-CV-1415 |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | (Judge Kosik) |
|     Defendant. : | |

FILED
SCRANTON
AUG 11 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

Before the court are Plaintiff's objections to the Report and Recommendation of Magistrate Judge Martin C. Carlson filed on April 11, 2014 (Doc. 26), recommending that Plaintiff's Motion to Enforce Settlement (Doc. 23) be denied. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

### BACKGROUND

Plaintiff, Ralph Ames, a prisoner who was confined at the United States Penitentiary-Canaan, Pennsylvania, filed the instant action pursuant to the Federal Tort Claims Act. The action was based on the alleged negligence of the prison in serving chicken fajitas that contained salmonella bacteria. This action, along with others, was assigned to Magistrate Judge Martin C. Carlson for oversight. Following mandatory mediation, this case was reported settled and was dismissed (Doc. 14).

On March 24, 2014, the Plaintiff filed a Motion to Enforce Settlement (Doc. 23). A Response to the Motion was filed by the United States on April 10, 2014 (Doc. 25).

On May 11, 2014, the Magistrate Judge filed a Report and Recommendation (Doc. 26), in which he recommended that Plaintiff's Motion to Enforce Settlement be

denied. Plaintiff filed Objections to the Report and Recommendation (Doc. 28) and the United States filed a Brief in Opposition to the Objections (Doc. 30). Plaintiff filed a Response on May 27, 2014 (Doc. 31).

## DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(c); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In his Report and Recommendation, the Magistrate Judge discusses the United States' response, in which they assert that while full payment was made to the Plaintiff by the U.S. Treasury pursuant to the settlement agreement, the Treasury, through the Treasury Offset Program, has statutory authority to collect delinquent non-tax debts owed to the federal government by offsetting payments made by other federal agencies. 31 U.S.C. §3716; 31 C.F.R. §285.5. The Magistrate Judge found that pursuant to the legally mandated Treasury Offset Program, the Treasury applied Plaintiff's settlement funds against some outstanding debt owed by Plaintiff.

The Magistrate Judge discusses the Treasury Offset Program, its implications, and the due process protections afforded by the program. The Magistrate Judge found that the Plaintiff's Motion, which seeks to challenge the offset in the context of a dispute arising under the settlement agreement, fails as a matter of law. The Magistrate Judge concludes:

In sum, to the extent that the plaintiff is aggrieved by the application of a Treasury offset to his settlement funds, his relief lies through administrative proceedings or separate litigation challenging that offset decision. However, it is clear that the plaintiff may not seek relief from the offset in this lawsuit through a motion attempting to vacate or set aside this action that the Treasury is mandated by law to undertake in order to ensure that the plaintiff pays his other pre-existing debts.

In his Objections to the Report and Recommendation, Plaintiff argues that a ten (10) year statute of limitations applies to the offset program, that the only money which he owes that could be considered for the offset is a fine in the amount of $3,000.00 for a conviction in the United States District Court dated May 5, 2000 in the Western District of Virginia, and that because his fine is more than ten (10) years old, the offset was illegal. In the Brief in Opposition to the Objections, the United States asserts that 31 U.S.C. §3716 (e)(1) was amended in 2008, so that the ten year limit was deleted, and replaced with the following language: "no limitation on the period within which an offset may be initiated or taken pursuant to this section shall be effective." Thus, the United States argues that there is no merit to Plaintiff's Objection.

In response to the United States Opposition Brief, Plaintiff argues that because personal injury awards were found to be exempt in taxation and bankruptcy cases, the same rationale should apply to Plaintiff in this case. We find Plaintiff's reasoning to be misplaced. Case law has held that compromise settlements in suits against the United States are subject to the Treasury Offset Program and that there is an administrative procedure in place to resolve disputes. See, United States v. Bailey, 2013 WL 5964447 (D. Minn., Nov. 4, 2013); United States v. Beulke, 892 F. Supp. 2d 1176, 1186-88 (D.S.D. 2012).

Because we find that Plaintiff's settlement in this action was subject to the Treasury Offset Program, we will deny Plaintiff's Motion to Enforce Settlement. An appropriate Order follows.